# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**LINDA R. ROBINSON**                                                                    **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO. 3:21-cv-00048-CWR-LGI**

**JO-ANN STORES, LLC,**
**AND JOHN DOES 1 & 2**                                                   **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant JO-ANN STORES, LLC, ("Jo-Ann"), through its undersigned counsel, hereby serves its Answer and Affirmative Defenses to the Complaint filed by plaintiff LINDA ROBINSON ("Plaintiff") as follows:

## PARTIES TO THE COMPLAINT[1]

1. Admitted

2. Denied, except to admit that Jo-Ann Stores, LLC is an Ohio limited liability corporation with its principal place of business in the state of Ohio.

3. Denied.

## JURISDICTION AND VENUE

4-6. To the extent that Plaintiff has stated a cognizable claim, Jo-Ann denies any such claim. Jo-Ann admits that jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

---

[1] The headings utilized in this Answer are the same as in the Complaint and used simply for organizational purposes. To the extent the headings in the Complaint constitute allegations, such allegations are hereby denied.

## STATEMENT OF FACTS

7. Denied, except to admit that Plaintiff visited Jo-Ann's premises in Jackson, Mississippi on July 9, 2020.

8. Denied.

9. Jo-Ann denies the allegations contained in paragraph 9 of Plaintiff's Complaint, as stated, specifically denying any and all liability in the premises.

## CAUSES OF ACTION

10. Jo-Ann reasserts and reaffirms its responses to the allegations set forth in response to paragraph 10 of Plaintiff's Complaint and the Paragraphs above as if fully set forth herein.

11. The statements contained in paragraph 11 of Plaintiff's Complaint consist of legal conclusions or attempts by Plaintiff to summarize the law and do not require a response. Even so, Jo-Ann denies Plaintiff's conclusory statements/summary of the law. To the extent paragraph 11 contains any allegations against Jo-Ann, these allegations are denied.

12. Jo-Ann denies the allegations contained in paragraph 12 of Plaintiff's Complaint, as stated, specifically denying any and all liability in the premises.

13. Jo-Ann denies the allegations contained in paragraph 13 of Plaintiff's Complaint, as stated, specifically denying any and all liability in the premises.

## DAMAGES (AS TO ALL DEFENDANTS)

14. Jo-Ann reasserts and reaffirms its responses to the allegations set forth in response to paragraph 18 of Plaintiff's Complaint and the Paragraphs above as if fully set forth herein.

15. The statements contained in paragraph 15 of Plaintiff's Complaint consist of legal conclusions or attempts by Plaintiff to summarize the law and do not require a response. Even so,

Jo-Ann denies Plaintiff's conclusory statements/summary of the law. Jo-Ann specifically denies any and all liability for the allegations set forth in Plaintiff's Complaint.

## COMPENSATORY DAMAGES

16. Jo-Ann denies the allegations contained in paragraph 16 of Plaintiff's Complaint, as stated, specifically denying any and all liability in the premises.

## PUNITIVE DAMAGES

17. The statements contained in paragraph 17 of Plaintiff's Complaint consist of legal conclusions or attempts by Plaintiff to summarize the law and do not require a response. Even so, Jo-Ann denies Plaintiff's conclusory statements/summary of the law. Jo-Ann specifically denies any and all liability for the allegations set forth in Plaintiff's Complaint.

18. The statements contained in paragraph 18 of Plaintiff's Complaint consist of legal conclusions or attempts by Plaintiff to summarize the law and do not require a response. To the extent that the allegations contained in paragraph 18 of Plaintiff's Complaint state a cognizable claim, Jo-Ann denies the allegations as stated.

## ATTORNEY FEES AND OTHER REASONABLE COSTS

19. The statements contained in paragraph 19 of Plaintiff's Complaint consist of legal conclusions or attempts by Plaintiff to summarize the law and do not require a response. Even so, Jo-Ann denies Plaintiff's conclusory statements/summary of the law. Jo-Ann specifically denies any and all liability for the allegations set forth in Plaintiff's Complaint.

## RIGHT TO AMEND PURSUANT TO MISS. R. CIV. P. 15

20. The statements contained in paragraph 20 of Plaintiff's Complaint consist of legal conclusions or attempts by Plaintiff to summarize the law and do not require a response.

## JURY TRIAL DEMANDED

21. Jo-Ann admits that Plaintiff has demanded a jury trial in her complaint.

Jo-Ann denies the last unnumbered paragraph beginning with "WHEREFORE PREMISES CONSIDERED" that follows paragraph 21. Jo-Ann specifically denies any and all liability for the allegations set forth in Plaintiff's Complaint.

And *NOW*, having fully answered Plaintiff's Complaint, Jo-Ann asserts the following Affirmative Defenses:

## FIRST DEFENSE

Jo-Ann assets that Plaintiff's process upon it is insufficient.

## SECOND DEFENSE

Jo-Ann asserts that Plaintiff's Complaint fails to state claims upon which relief can be granted pursuant to FED. R. CIV. P. 12 (b)(6).

## THIRD DEFENSE

Jo-Ann asserts that Plaintiff may have failed to join indispensable parties in order to fully and properly adjudicate the present matter, as set forth by FED. R. CIV. P. 12 (b)(7) and 19.

## FOURTH DEFENSE

Jo-Ann asserts that Plaintiff's Complaint may be barred under the doctrines of accord and satisfaction, assumption of the risk, estoppel, laches, waiver, release, payment, election of remedies, and/or any and all applicable statute(s) of limitation or statute(s) of repose.

## FIFTH DEFENSE

Jo-Ann states that Plaintiff was herself guilty of comparative and/or contributive negligence, which was the sole cause or a contributing legal cause of the injuries and damages complained of herein, thus barring or reducing proportionately all claims for damages against Jo-

Ann pursuant to the doctrines of comparative and/or contributory negligence.

### SIXTH DEFENSE

Jo-Ann states that the injuries and damages complained of herein, were caused in whole or in part by the acts and/or omissions of a Plaintiff, or other persons, entities, forces, or things over which Defendant had no control and/or for which Defendant is not responsible.  As to all such persons, including those not named as parties to this litigation, Defendant pleads the apportionment and other provisions of *MISS. CODE ANN.* § 11-7-15 and *MISS. CODE ANN.* § 85-5-7.  Jo-Ann will identify such other third parties with as much particularity as is feasible as discovery progresses and in sufficient time to allow Plaintiff to respond and/or file amended pleadings.  Thus, Plaintiff's claims should be barred or proportionately reduced by the intentional and/or negligent acts of such known or unknown third parties.

### SEVENTH DEFENSE

Jo-Ann asserts that Plaintiff's claims are barred in whole or in part by the doctrine of injury by fellow servant.

### EIGHTH DEFENSE

Jo-Ann asserts that Plaintiff's damages and/or injuries, if any, resulted from unforeseeable or unavoidable circumstances and causes that could not have been prevented by Jo-Ann and are, therefore, barred in whole or in part, by the doctrine of avoidable consequences.

### NINTH DEFENSE

Jo-Ann asserts that Plaintiff had the last clear chance to avoid the accident that is the subject of this action, and therefore Plaintiff's Complaint should be dismissed with prejudice.

### TENTH DEFENSE

Jo-Ann states that Plaintiff failed to mitigate her damages if she failed to take advantage of

any health insurance or other collateral sources of payment, such as workers' compensation, that were available to her and, therefore, her claim is barred. Jo-Ann is not liable to Plaintiff for any damages and/or injuries caused or contributed to by Plaintiff's failure to mitigate.

### ELEVENTH DEFENSE

Jo-Ann asserts that Plaintiff's damages and/or injuries, if any, were caused by intervening and/or superseding causes over which Jo-Ann had no control and is thus not liable.

### TWELTH DEFENSE

Jo-Ann asserts that with respect to the claim for Plaintiff's medical expenses, Plaintiff is only entitled to recover that amount which has actually been paid, or is payable, by Plaintiff and/or by any health insurer, other third-party payor, or any other collateral source for the benefit of Plaintiff.

### THIRTEENTH DEFENSE

Jo-Ann asserts that Plaintiff's damages and/or injuries, if any, were exacerbated by or are the consequence of pre-existing physical, medical, and/or mental conditions.

### FOURTEENTH DEFENSE

Jo-Ann avers that no dangerous, negligent or unsafe condition existed on its property at the time and place where Plaintiff's incident occurred, as a result of which, Jo-Ann is not liable for any damages sustained by Plaintiff.

### FIFTEENTH DEFENSE

Jo-Ann asserts to the extent Plaintiff has settled or should hereafter settle for any of the alleged injuries and/or damages with any party (including any other named defendant) or any non-party, then Jo-Ann is entitled to a credit and set-off in the amount of said settlement and/or for the amount of the settling parties' allocated percentage of fault.

**SIXTEENTH DEFENSE**

Jo-Ann asserts that it committed no act that proximately caused or contributed to any alleged damages and/or injuries sustained by Plaintiff, if any; Jo-Ann breached no legal duty owing to Plaintiff, if any; Jo-Ann caused Plaintiff to sustain no damages and/or injuries whatsoever; and Jo-Ann demands that the suit filed against it be dismissed with all costs taxed to Plaintiff.

**SEVENTEENTH DEFENSE**

Jo-Ann asserts that it did not do, nor fail to do, anything that caused or contributed to the alleged injuries and/or damages set forth in Plaintiff's Complaint.

**EIGHTEENTH DEFENSE**

Jo-Ann denies all allegations of Plaintiff's Complaint that have not been expressly admitted herein.

**NINETEENTH DEFENSE**

Plaintiff is not entitled to attorneys' fees, expenses and/or costs as a matter of law.

**TWENTIETH DEFENSE**

Plaintiff has wholly failed to state any cause of action against Jo-Ann that would entitle her to recover punitive damages, and Jo-Ann denies that Plaintiff is entitled to any recovery of punitive damages whatsoever against it. In support thereof and/or in the alternative, Jo-Ann affirmatively pleads as follows:

    a.    Jo-Ann pleads all rights, remedies and affirmative defenses available pursuant to MISS. CODE ANN. § 11-1-65.

    b.    An award of punitive damages againstJo-Ann in this case is unconstitutional and in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment

of the Constitution of the United States, as well as the Mississippi Constitution, along with the Ex Post Facto Clause and Commerce Clause, Article I, Section 8, United States Constitution.

        c.        An award of punitive damages against Jo-Ann would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States, as well as the Mississippi Constitution.

        d.        Any award of punitive damages against Jo-Ann would be an unconstitutional violation of the provisions of the United States Constitution, including, but not limited to, the Fifth, Seventh, Eighth, and Fourteenth Amendments, and would also violate provisions of the Constitution of Mississippi, including, but not limited to, Article III, §§ 14, 28, and 31.

        e.        Any award of punitive damages that is not based on the guidelines set forth in *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996) and its progeny, including *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), would violate Jo-Ann's rights under the Due Process Clause, the Fourteenth Amendment and other provisions of the United States Constitution.

    2.        Jo-Ann hereby gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, including those defenses set forth in FED. R. CIV. P. 8(c) and 12, and hereby reserves its right to amend this Answer to assert any such defense.  Jo-Ann also reserves its right to assert other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a State other than the State of Mississippi and/or other federal laws.

*AND NOW,* having set forth this Answer and Affirmative Defenses to Plaintiff's Complaint, Jo-Ann respectfully requests that upon a final hearing of this cause, Plaintiff's Complaint be dismissed with prejudice, with all fees, costs, and expenses taxed to Plaintiff.

RESPECTFULLY SUBMITTED this the 26th day of January, 2021.

**JO-ANN STORES, LLC**

BY: */s/ Darryl A. Wilson*
Darryl A. Wilson (MSB No. 104902)
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi  39157
Telephone:  (601) 353-3234
Facsimile:  (601) 355-9708
darryl.wilson@arlaw.com

## **CERTIFICATE OF SERVICE**

I, do hereby certify that I have, this day, filed the foregoing with the Clerk of Court via the CM/ECF system, which has caused a true and correct copy to be served by electronic mail on all counsel of record.

THIS the 26th day of January, 2021.

*/s/ Darryl A. Wilson*
Darryl A. Wilson